NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 7 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JITENDER SINGH,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-3206

Agency No.
A205-935-854

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2024**
San Francisco, California

Before: GILMAN, WARDLAW, and COLLINS, Circuit Judges.***

Jitender Singh ("Singh"), a native and citizen of India, petitions for review

of a decision of the Board of Immigration Appeals ("BIA") denying his untimely

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Ronald Lee Gilman, United States Circuit Judge for
the Court of Appeals, 6th Circuit, sitting by designation.

motion to reopen based on changed country conditions. We review the BIA's factual findings under the substantial-evidence standard, and the denial of a motion to reopen under the abuse-of-discretion standard. *Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Because Singh's motion was filed after the applicable 90-day deadline passed, it was time-barred. *See* 8 C.F.R. § 1003.2(c)(2). "However, the ninety-day deadline . . . do[es] not apply if the motion to reopen is based on changed country conditions." *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017). To prevail on a motion to reopen based on changed country conditions, a petitioner must: (1) produce evidence that country conditions have changed; (2) "demonstrate that the [new] evidence is material"; (3) "show that the evidence was not available and would not have been discovered or presented at the original hearing"; and (4) demonstrate that the new evidence would establish prima facie eligibility for the relief sought.[1] *Id.* at 1204.

      1.     Substantial evidence supports the BIA's determination that the new evidence of changed country conditions failed to establish Singh's prima facie

---

[1] The BIA's decision rested on the fourth prong of the changed country conditions exception. Accordingly, we address only the fourth prong here. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

eligibility for asylum and related relief.  To establish prima facie eligibility for asylum, Singh must demonstrate that he either suffered past persecution or has a well-founded fear of future persecution on account of a protected ground.  8 U.S.C. § 1101(a)(42)(A).  Although Singh's new evidence indicates that his family was twice attacked by Bharatiya Janata Party ("BJP") members for supporting the 2020–21 Indian Farmers' Protests[2] ("Farmers' Protests"), Singh's family was seemingly attacked for their *own* participation in the Farmers' Protests rather than because of Singh's financial support of the cause.  Moreover, their injuries were relatively minor.  Thus, the harm suffered by Singh's family does not create "a pattern of persecution closely tied" to Singh that would support a well-founded fear of future persecution on account of his political opinion.  *Arriaga-Barrientos v. U.S. I.N.S.*, 937 F.2d 411, 414 (9th Cir. 1991).

Because substantial evidence supports the BIA's conclusion that Singh's new evidence failed to establish his prima facie eligibility for relief,[3] the BIA did not abuse its discretion in denying the motion to reopen as untimely.

---

[2] In 2020, farmers in India engaged in mass protests against three new laws that loosened rules around the sale, pricing, and storage of farm produce.  These laws were repealed in December 2021.

[3] Because Singh cannot demonstrate a well-founded fear of future harm sufficient to state a prima facie eligibility for asylum, he cannot meet the more stringent standards for withholding of removal or relief under the Convention Against Torture.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006); *Nuru v. Gonzales*, 404 F.3d 1207, 1224–25 (9th Cir. 2005).

2.  Nor did the BIA violate Singh's right to due process. Where, as here, a noncitizen "makes admissions of fact or concedes removability, and the [agency] accepts them, no further evidence concerning the issues of fact admitted or law conceded is necessary." *Perez-Mejia v. Holder*, 663 F.3d 403, 414 (9th Cir. 2011). And Singh's contention that the BIA denied him due process by abusing its discretion in denying his motion to reopen also fails, because recasting his abuse-of-discretion challenge in constitutional garb does not change the fact that the argument lacks substantive merit.

**DENIED.**[4]

---

[4] Singh's Motion to Stay Removal (Dkt. No. 3) is denied as moot. The temporary stay (Dkt. No. 13) will be dissolved on issuance of the mandate.

23-3206